FARMAN v. QUINN.

SUPREME COURT.— *Weight of Evidence.—Practice.*—The Supreme Court will not reverse a judgment on the mere weight of the evidence, although the preponderance may seem against the verdict rendered below.

From the Marion Superior Court.

*J. S. Harvey* and *G. W. Galvin*, for appellant.

*D. V. Burns* and *I. Herr*, for appellee.

HOWK, C. J.—In this action, the appellee sued the appellant in a complaint of two paragraphs. In each of these paragraphs the appellee alleged, in substance, that he was lawfully possessed of a certain house and lot in the city of Indianapolis, Indiana, which, in January, 1876, he occupied, and resided in with his wife and children, as a family residence; that the appellant, on certain ground adjoining the appellee's premises had caused a large building to be erected, and had negligently and wrongfully caused the said ground about the said building, and next adjoining the appellee's premises, to be graded and sloped with a steep descent toward said premises of the appellee, and had negligently and wrongfully caused to be placed on said building certain large troughs and water-spouts in such a manner as to conduct the rain-water falling upon said building to and upon said graded and sloping ground, and thence to and upon the appellee's premises, by means whereof, on said last named day, large quantities of rain-water, which had fallen upon the appellant's ground and building, were forced and carried therefrom and thrown upon

the appellee's said lot, and against and into his said house, without any fault on his part, to his great damage, etc., specifying with much particularity in each paragraph, the nature and extent of the damage and injury thus done to him, his family and his property.

The appellant answered the complaint by a general denial thereof. The issues thus joined were tried by a jury, and a verdict was returned for the appellee, assessing his damages in the sum of $125. The appellant's motion for a new trial having been overruled and his exception entered to this ruling, the court, at special term, rendered judgment upon said verdict. From this judgment an appeal was taken by the defendant below to the court in general term, where the judgment of the special term was affirmed, and from this judgment of affirmance this appeal is now prosecuted in this court.

The only error assigned by the appellant, in the court below in general term, was the overruling of his motion for a new trial; and this alleged error he has brought before this court, by the assignment here, as error, of the judgment of the court in general term. In his motion for a new trial, the appellant assigned as causes therefor, that the verdict of the jury was contrary to and not sustained by the evidence, and was contrary to law, and that the damages assessed were excessive.

The only question discussed by the appellant's counsel in their brief of this cause in this court is the sufficiency of the evidence to sustain the verdict. It is not claimed by counsel that there is no evidence in the record which tends to sustain the verdict upon every material point, but it is claimed that the overwhelming weight of the evidence is against the verdict. So it might have seemed to us, possibly, if we had heard the evidence at the trial court. But we can not, as an appellate court, weigh the evidence and say that it was not sufficient, merely because it may seem to us conflicting or not satisfactory. The jury try-

ing the cause evidently believed, as they had the right to do, the evidence which tended to sustain the appellee's cause of action ; and the learned judge before whom the cause was tried, and who saw and heard the witnesses testify, refused to disturb the verdict on the evidence, upon the appellant's motion for a new trial. The record before us shows that the court in general term refused to reverse the judgment of the court in special term, upon the ground merely that the verdict was not sustained by sufficient evidence.

Under these circumstances, it can hardly be expected that this court will, in this case, depart from the established practice of the court in such cases, and reverse the judgment below on the mere weight of the evidence. The practice which has so long been regarded as settled, in this regard, seems to us wise and reasonable, and we must decline to deviate therefrom in this case. Nor need we cite authorities in support of this practice, as the reports of the decisions of this court contain large numbers of cases wherein both the rule and the reasons for the rule have been fully and clearly stated. We find no available error in the record of this cause.

The judgment is affirmed, at the appellant's costs.